IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff,<br><br>vs.<br><br>ISA M. HARRIS,<br>        Defendant. | CASE NO: **4:15CR3041**<br><br>**DETENTION ORDER** |

      The defendant has not asked the court to re-schedule his detention hearing. Accordingly, the court will use the record currently before the court as the basis for this order. See Filing No. 21).

      The defendant is charged with a drug crime under the Controlled Substances Act (21 U.S.C. § 801 et seq.), for which the defendant could be required to serve ten or more years in prison. On the government's motion, the court afforded the defendant an opportunity for a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f). The court concludes the defendant must be detained pending trial.

      There is a rebuttable presumption that no condition or combination of conditions of release will reasonably assure the defendant's appearance at court proceedings and the safety of the community because there is probable cause to believe the defendant committed a drug crime under the Controlled Substances Act (21 U.S.C. § 801 et seq.), for which the defendant could be required to serve ten or more years in prison. The defendant has not rebutted this presumption.

      Based on the information of record and Defendant's conduct in the courtroom at the hearing held on May 16, 2016, the court finds by a preponderance of the evidence that the defendant's release would pose a risk of nonappearance at court proceedings, and by clear and convincing evidence that the defendant's release would pose a risk of harm to the public.

      Specifically, the court finds that the defendant has a criminal record which indicates a propensity to violate the law and court orders; has a history of obstructing and restricting orders of law enforcement; has a significant history of violent and physically threatening behavior, including domestic violence; uses mood-altering chemicals and is likely to continue such conduct and violate the law if released; refused to comply with the court's orders or the directions of court-appointed counsel while in the courtroom on May 16, 2016, and he therefore poses a substantial risk of noncompliance with court-imposed supervision; has limited contacts with Nebraska; has failed to appear for court proceedings in the past; committed the alleged crime while on supervision; and conditions which restrict Defendant's travel, personal contacts, and possession of drugs, alcohol, and/or firearms; require reporting, education, employment, or treatment; or monitor Defendant's movements or conduct; or any combination of these conditions or others currently proposed or available (see 18 U.S.C. § 3142(c)), will not sufficiently ameliorate the risks posed if the defendant is released.

**Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

May 20, 2016.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge