IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>vs.<br><br>ISA M. HARRIS and MUSA J. HARRIS,<br><br>Defendants. | 4:15CR3041<br><br>FINDINGS, RECOMMENDATION,<br>AND ORDER |

This matter is before the court on Defendant Isa M. Harris' Motion to Dismiss and Amended Motion to Dismiss, (Filing Nos. 25 and 29). For the reasons set forth below, the motions should be denied.

## BACKGROUND

On April 22, 2015 Isa Harris was indicted in the District of Nebraska for conspiracy to distribute methamphetamine. (Filing No. 1). An arrest warrant was issued for Harris on April 23, 2015. The case was assigned to an Investigator with the Lincoln Police Department ("LPD") and he was responsible for finding Harris and bringing him into custody. The LPD subsequently sought assistance from the United States Marshal's Service ("USMS") in apprehending Harris on May 29, 2015. The information provided to the USMS indicated Harris' last known address was 115 Harris Street, Bay Point, California. On May 29, 2015, a Deputy Marshal with the USMS in Lincoln, Nebraska entered the warrant with the National Crime Information Center ("NCIC") – a database maintained by the Federal Bureau of Investigations that compiles information regarding previous arrests, convictions, warrants, and other criminal history for individuals across the country. He later validated the warrant on August 11, 2015.

At the time the warrant was first issued, Harris was in custody in San Jose, California on a California state charge and remained there until July 4, 2015. He was released from custody in California apparently without the authorities in California realizing there was an active warrant for his arrest due to the charges in Nebraska federal court.

Harris was again arrested by the San Francisco Sheriff's Department ("SFSD") on or about February 8, 2016 on the Nebraska issued warrant. The USMS in California sent the SFSD a "detainer" instructing the SFSD to contact the USMS prior to releasing Harris. The USMS for Northern California asserts the SFSD notified it on March 11, 2016 the USMS could take custody of Harris. The SFSD has no record of making any such notification.

On March 14, 2016, Harris was brought before the United States District Court for the Northern District of California for a Rule 5[1] proceeding. He was transported to Nebraska and had his Initial Appearance and Arraignment on the indictment on May 10, 2016. His trial was originally scheduled for June 27, 2016. (Filing No. 14). Defendant filed a pro se motion to dismiss on May 9, 2016, (Filing No. 16). The motion was denied without prejudice to re-filing with the assistance of his court-appointed counsel. (Filing No. 23). The motion to dismiss now before the court was filed on June 6, 2016, (Filing No. 25) and amended on June 15, 2016. (Filing No. 29).

## ANALYSIS

Harris asserts his Sixth Amendment right to a speedy trial has been violated.

---

[1] Fed. R. Crim. P. 5 provides that upon arrest a defendant must, "without unnecessary delay" be taken "before a magistrate judge . . . ."

2

> The Sixth Amendment guarantees: "In all criminal prosecutions, the accused shall enjoy the right to a speedy ... trial...." U.S. Const. amend. VI. The Sixth Amendment right "attaches at the time of arrest or indictment, whichever comes first, and continues until the trial commences." United States v. Perez–Perez, 337 F.3d 990, 995 (8th Cir.2003).

United States v. Aldaco, 477 F.3d 1008, 1018-19 (8th Cir. 2007).

In determining whether a defendant's Constitutional right to a speedy trial has been violated the court considers four factors: 1) the length of delay; 2) the reason for delay; 3) whether the defendant asserted the right to speedy trial; and 4) whether the defendant suffered any prejudice. Barker v. Wingo, 407 U.S. 514, 530 (1972).

In assessing the impact of the length of the delay, the court must first determine whether there has been an "uncommonly long" delay between indictment and trial. United States v. Porchay, 651 F.3d 930, 940 (8th Cir. 2011). This inquiry has two parts. First, "[s]imply to trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay." Dogget v. United States, 505 U.S. 647, 651–52 (1992)). Second, "the court must then consider . . . the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim." Id. at 652.

The threshold for finding a presumptively prejudicial delay is a delay of approximately 12 months from indictment to trial. See United States v. Titlbach, 339 F.3d 692, 699 (8th Cir. 2003). Thus, any delay over approximately a year – such as the one in this case – is presumptively prejudicial. Id. The first Barker factor weighs in favor of Harris. However, the delay in this case is only slightly over the threshold of 12 months and thus, although the delay is presumptively prejudicial, it is of marginal significance.

3

"Under the second Barker factor, we consider the reasons for the delay and evaluate 'whether the government or the criminal defendant is more to blame.'" United States v. Erenas-Luna, 560 F.3d 772, 777 (8th Cir. 2009). Negligence on the part of the government is a "considerable" factor weighing against it, but it factors less heavily than an intentional delay on the part of the government. Id.

In this case, the government's investigation was undoubtedly not the model of efficiency. The LPD was first charged with finding and arresting Harris on the federally issued warrant. Upon receiving the Delegation of Apprehension Responsibility form from the LPD the USMS entered the warrant information on NCIS database on May 29, 2015. Harris was subsequently released from the California Department of Corrections on July 4, 2015. Although the Custodian of Records for the California Department of Corrections indicated it is their standard procedure is to check the NCIC database for outstanding warrants before releasing any prisoner, it is unknown whether the California Department of Corrections did, in fact, check the NCIC and the missed warrant was simply an oversight, or whether some other issue occurred with the list of active warrants on the NCIC causing it to be missed. Regardless, despite the active warrant for Harris, he was released.

While any delay was clearly not intentional, aspects of the investigation are problematic. For instance, the LPD investigator acknowledged that upon receipt of information indicating Harris had an address in California, the LPD did not contact authorities in California to try to determine Harris' whereabouts. Rather, the LPD referred the case to the USMS. (Filing No. 49, TR. 19:23-20:3). However, the USMS also did not act upon the California address, in part, because the Deputy Marshal in charge of the investigation believed the LPD had already unsuccessfully tried to locate Harris using that information. (Filing No. 49, TR. 65:24-66:15). That is not to say an

4

inquiry into the address would have led the USMS to Harris – there is no evidence to suggest exploring one address in California would have done so, particularly when Harris was incarcerated at the time. However, the fact that the LPD and USMS miscommunicated certainly did nothing the expedite the arrest.

Harris was arrested by the San Francisco Police Department on February 8, 2016 on the outstanding warrant. The USMS for the Northern District of California faxed a detainer to the SFSD to inform them of the outstanding warrant for Harris' arrest. Harris was in the custody of the USMS for the Northern District of California until March 11, 2016. His Rule 5 hearing was held on March 14, 2016 and he was subsequently transferred to the District of Nebraska, where he appeared on May 10, 2016. It is not clear to this court why Harris was arrested on February 8, 2016 but did not appear before a federal judge in California until March 14, 2016 since he was not being held on local charges.

However, whatever problems the investigation may have had, the court cannot find the United States was negligent in its handling of Harris' arrest and transfer to Nebraska. The primary reason for the lengthy delay appears to be the Santa Clara County Department of Corrections releasing Harris from custody despite the outstanding warrant being entered on the NCIC database. Had the Santa Clara County Department of Corrections been aware of the warrant, Harris would likely have been detained in July of 2015 and transferred to this district shortly thereafter. This delay is not attributable to the United States. The other sources of delay were the time between the issuance of the warrant and referral to the LPD and the delay from the time of his arrest on February 8, 2016 until his appearance before a judge. The time between the issuance of the warrant and the referral to the LPD was not significant. The more substantial delay in the time between his arrest in California and his initial appearance before a Federal Magistrate appears to be due to a miscommunication between the USMS and the San Francisco's

5


Sheriff's Department.[2] But the government has asserted the delay was due to a misunderstanding on the part of the San Francisco Sheriff's department and the USMS was not aware Harris was released to their custody until March 11, 2016. That is, the USMS, through no fault of its own, believed Harris was being held on a local charge and would not be remanded to federal custody until the local charge was addressed. Based upon the evidence of record, the court cannot find the United States' negligence caused the delay at issue in this case.

The final Barker factor[3] is whether the defendant has been prejudiced by the delay. Prejudice may be actual or presumed depending on the facts of the case. Erenas-Luna, 560 F.3d 772, 778-79.

> We assess this prejudice "'in the light of the interests of defendants which the speedy trial right was designed to protect .... (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired.'" Aldaco, 477 F.3d at 1019 (quoting Barker, 407 U.S. at 532, 92 S.Ct. 2182).

Erenas-Luna, 560 F.3d at 778.

Here, Harris has not shown actual prejudice. That is, he makes no claim that witnesses or documents have been lost. He has "failed to make any affirmative showing that the delay weakened his ability to raise specific defenses, elicit specific testimony, or produce specific items of evidence." Doggett, 505 U.S. at 655. The only actual prejudice he claims is that the case against him seemed to strengthen over time due to the

---

[2] Based on the facts presented to the court, Harris was detained in California for over 5 weeks before he was granted an initial appearance before a Federal Magistrate Judge. Although such a delay is undoubtedly a violation under Rule 5, the parties acknowledge the Rule 5 does not provide an independent ground for dismissal. See United States v. Chavez, 705 F.3d 381 (8th Cir. 2013). The Defendant argues the court should consider the delay as a factor in his Sixth Amendment claim. As discussed in this opinion, the court has done so.

[3] The third Barker factor is whether the defendant has asserted his right to a speedy trial. There is no dispute Harris has done so, thus this factor weighs in his favor.

government locating witnesses that may not have been available at the time of the indictment. But this in no way impeded Harris' ability to raise specific defenses or produce specific evidence.

The inquiry does not end with a finding of no actual prejudice. "Where the government has been negligent, however, prejudice can be presumed if there has been an excessive delay." Erenas-Luna, 560 F.3d 779. "[E]xcessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or . . . identify." Doggett, 505 U.S. at 655. When delay is excessive, the weight assigned to the resulting prejudice is amplified over time. Erenas-Luna, 560 F.3d at 779. Thus, the longer the delay, the more any negligence on the part of the government is exacerbated and the greater the presumption of prejudice.

Setting aside for a moment the court's finding above that the United States was not negligent, even if the court found all, or the majority, of the delay could be attributable to some negligence on the part of the government, any presumption of prejudice is inconsequential. See Erenas-Luna, 560 F.3d 780 (even if delay is presumptively prejudicial, the court must determine how much "importance" to assign the prejudice). Any negligence which could potentially be attributed to the government was slight and the delay from the indictment until the time Harris asserted his motion to dismiss was approximately 13 months – only slightly longer than "the bare minimum needed to trigger the judicial examination of the clam." Doggett, 505 U.S. at 652. And, "to warrant granting relief, negligence unaccompanied by particularized trial prejudice must have lasted longer than negligence demonstrably causing prejudice." Id. at 657. Here the delay was relatively short and if any negligence could be found it was only minor. Accordingly, relief should not be granted.

7

The court finds Harris' Sixth Amendment right to a speedy trial has not been violated. Although the time from indictment to trial is presumptively prejudicial, there is no evidence the government's negligence contributed to the delay. Nor can Harris point to any actual prejudice he suffered due to the delay. And, even if the government was negligent, any presumed prejudice was inconsequential and did not rise to the level necessary to grant dismissal of this case.

Accordingly,

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable John M. Gerrard, United States District Judge, pursuant to 28 U.S.C. § 636(b), that the motion to dismiss filed by the defendant (Filing No. 25) and the amended motion to dismiss (Filing No. 29) be denied in their entirety.

The defendant is notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

Further,

IT IS ORDERED:

1) The evidentiary hearing set for September 12, 2016 is cancelled.

2) As to both defendants, pretrial motions shall be filed on or before September 26, 2016.

3) As to both defendants, trial of this case is set to commence before the Honorable John M. Gerrard at 9:00 a.m on October 31, 2016 or as soon thereafter as the case may be called, for a duration of 5 trial days, in

8

>Lincoln, Courtroom No. 1. Jury selection will be held at commencement of trial.

Dated this 2nd day of September, 2016

<div style="text-align:right">

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

</div>

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.